Arthur Markewich, J.
Defendant moves for dismissal of the complaint pursuant to rule 107 (subds. 1, 4, 5) of the Eules of Civil Practice. In the prior action in the United States District Court, there was judgment for plaintiff, later reversed, the judgment vacated, and the complaint dismissed for want of jurisdiction. Such dismissal was granted upon the proofs adduced and the findings made in that action. The complaint in this action differs from that complaint in that no reference is made here to the acts or statutes of a foreign country so that there is no danger here, as in the other case, that this court might be asked to rule thereon. Plaintiff insists he will prove his causes by other evidence. At this time the court cannot say that there is a want of jurisdiction. The existing final judgment as it is found does not provide ground for dismissal. Neither ground is tenable.
There remains the objection that the causes are barred by the Statute of Limitation. The contention is argued by the defendant upon the assumed basis that a 10-year statute is applicable and that the causes which pertain to an 11-year period ending May 11, 1950, accrued on May 11, 1940, so that if the causes accruing as on that date are barred, then the causes are barred in their entirety.
With respect to section 23 of the Civil Practice Act, maintenance of the present action is barred; it was commenced more than one year after the reversal by the United States Court of Appeals of plaintiff’s judgment in the prior Federal action. The action there was continued and is here being maintained by the plaintiff assignee who took the assignment from three owners of the claim, of whom the youngest came of age on June 29, 1945. The prior action was commenced by the assignors on October 10,1945. In that action there was no plea in bar. Since the plea of the Statute of Limitations is technical, the technicality of failure to plead is available against any assertion of the plea now. However, upon the assumptions on which defendant bases its argument, that action could have been commenced on or before May 10, 1950. Since the prior action was commenced in 1945, there was no cause or occasion to plead the 10-year Statute of Limitations upon a cause assumed to have accrued in 1940. Since the amendment of section 60 of the Civil Practice Act became effective in 1951, the causes were barred and the amendment does not revive a barred cause. The time limited for action did not expire before the disability ceased or less than *561 five years thereafter at least as to one of the original owners. Accordingly, maintenance of the action is now barred, and the motion is granted on that ground. Settle order.
(On reargument.)
Counsel for plaintiff, by letter of June 19, 1957, has directed the court’s attention to inadvertent error of fact made in the decision herein heretofore signed on June 13, 1957, and contends that correction of such error must result in a different disposition from that heretofore made. Defendant’s counsel agrees, in a reply letter of June 20, that such error was made, but argues that nevertheless the decision must stand.
The error is found in the second sentence: “In the prior action in the United States District Court, there was judgment for plaintiff, later reversed, the judgment vacated, and the complaint dismissed for want of jurisdiction.” The first sentence of the third paragraph repeats the same mistake. The actual fact was that plaintiff lost on the merits in the District Court and appealed; there was neither reversal nor affirmance, but a remand by the United States Court of Appeals £ £ with directions to dismiss for lack of federal jurisdiction.”
This decision effectively disposed of the Federal case, there having been no further appeal. It was not, as is argued, a reversal, but it was still the termination, the formal disposition by the District Court thereafter pursuant to the directions given being no more than that. Whether reversal or termination, section 23 of the Civil Practice Act applies and this action was therefore commenced belatedly.
The letter of June 19 is considered an application for reargument ; it is placed on file, together with the reply, and reargument is granted. On such reargument the decision herein of June 13 is corrected as set forth in the second paragraph hereof but shall otherwise remain unchanged. Let a new order be settled which shall reflect these additional proceedings.